IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDACE FRANKLIN, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| AMERICAN SHIPPING AND PACKING, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| – and – | ) | |
| | ) | |
| KEVIN M. SYKES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Candace Franklin (Plaintiff), by and through counsel, for her Complaint against Defendants American Shipping and Packing, Inc. (Defendant ASAP) and Kevin M. Sykes (Defendant Sykes), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA) and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff has been a citizen of the United States.

5. Defendant ASAP is an Ohio for-profit corporation with its principal place of business located at 1700 West Market Street, #153, Akron, Ohio 44313 (Summit County) that can be served at its principal place of business.

6. Defendant Sykes is an individual who can be served at his last known residence of 4156 Derden Ct. SW, Lilburn, GA 30047.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

7. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Overtime Law.

8. At all relevant times, Plaintiff was an "employee" of Defendants.

9. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Defendants individually and jointly operate as an enterprise providing various moving services.[1]

11. Defendant Sykes is owner and president of Defendant ASAP.

---

[1] http://www.asapmovers.net/ (last viewed 8/5/2021).

12. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff, including supervising and controlling Plaintiff's schedule and conditions of employment.

13. Defendants shared authority to hire, fire and discipline employees, including Plaintiff.

14. Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff.

15. Defendants shared control and maintenance of employment records.

16. Defendants have shared and mutually benefitted from the work and services performed by Plaintiff.

17. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

18. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

## Unpaid Overtime Compensation

19. Defendants jointly employed Plaintiff as an hourly, non-exempt employee from approximately 2017 through May 22, 2021.

20. Plaintiff was hired as an "Office Manager" but regularly performed non-exempt manual labor. For example, Plaintiff was required to go out with the moving crew approximately two to three times per week on average, at which time she packed, moved boxes, and loaded and unloaded trucks right alongside the rest of the moving crew.

21. From 2017 to approximately the end of September/beginning of October 2019, Plaintiff punched in and out. During this time, her hourly rate was approximately $10.75 to $11.25.

22. Starting in early October 2019, Plaintiff's hourly rate was increased to $13.00, which was raised to approximately $13.50 in March 2020.

23. At all relevant times, Plaintiff regularly worked more than 40 hours a week, routinely working 50 to 60 hours per week.

24. The FLSA and the Ohio Overtime Law required Defendants to pay overtime compensation to Plaintiff at one and one-half times her "regular rate" for hours worked in excess of 40 in a workweek.

25. Starting in early October 2019, Defendants purport to have paid Plaintiff on a "salary" basis. However, even though Defendants routinely paid Plaintiff for only 45 hours per workweek, they also paid her for 40 hours, 42 hours, 44 hours, 36 hours, and 50 hours in certain workweeks. This increase and decrease in weekly hourly compensation is inconsistent with the concept of "salary" basis.

26. During the entire relevant period, Defendants paid Plaintiff only her straight hourly rate for hours reported by Defendant, even the hours reported in excess of 40. Accordingly, Defendant failed to pay Plaintiff for all hours worked and reported by Defendants in excess of 40 at the proper rate of at least one and one-half times her regular rate in violation of the FLSA and the Ohio Overtime Law.

27. Additionally, once Defendants purportedly started paying Plaintiff on a "salary" basis (it was not a salary), Defendants stopped requiring Plaintiff to record her hours worked. The main reason for the increase in Plaintiff's hourly rate to $13.00 at this time was due to the long hours Defendants started working her, which routinely reached approximately 50 to 60 hours per workweek, if not more. Accordingly, Defendants failed to pay Plaintiff for all hours worked,

4

including the unrecorded hours worked in excess of 40 in a workweek at the rate of one and one-half times her regular rate.

28. Finally, to the extent Defendants are deemed to have paid Plaintiff on a "salary" basis (which is not the case) no workweek from January 2020 onward was paid at the minimum salary amount of $684 per week. For example, at $13.50 per hour, Plaintiff was paid a maximum of $607.50 for weeks in which Defendants reported only 45 hours. And, in a workweek in which Defendants reported 50 hours, Plaintiff was paid an hourly rate of $13.50, for a total of only $675.00.

29. Based on the primary duties actually performed by Plaintiff and the compensation actually paid to Plaintiff, she was not exempt from the protections of the FLSA and the Ohio Overtime Law.

30. Defendants' failure to pay Plaintiff for all hours worked in excess of 40 in a workweek at a rate of at least one and one-half times her regular rate violated the FLSA and the Ohio Overtime Law.

31. Defendants knowingly and willfully engaged in the violations of the FLSA and the Ohio Overtime Law described herein. Accordingly, Defendants willfully violated the FLSA and the Ohio Overtime Law by not paying Plaintiff overtime compensation at a rate of one and one-half times her regular rate for hours worked in excess of 40 in a workweek.

## COUNT ONE
### (FLSA Overtime Violations)

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. At all times relevant, Defendants were individual and joint employers covered by the FLSA.

34. Under the FLSA Plaintiff should have been paid overtime compensation at a rate of one and one-half times her regular rate for all hours worked in excess of 40 hours per workweek.

35. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours at the lawful rate.

36. Plaintiff was not exempt under the FLSA.

37. Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

38. As a result of Defendants' practices, Plaintiff has been harmed in that she has not received wages due to her pursuant to the FLSA; and because wages remain unpaid, damages continue.

39. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

## COUNT TWO
### (Ohio Overtime Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. At all times relevant, Defendants were individual and joint employers covered by the Ohio Overtime Law.

42. Defendants violated the Ohio Overtime Law by not paying Plaintiff overtime at a rate of one and one-half times her regular rate.

43. Plaintiff was not exempt under the Ohio Overtime Law.

44. As a result of Defendants' practices, Plaintiff has been harmed in that she has not received wages due to her pursuant to the Ohio Overtime Law; and because wages remain unpaid, damages continue.

45. Defendants willfully violated the Ohio Overtime Law and regulations thereunder that have the force and effect of law.

46. Due to Defendants' violations of the Ohio Overtime Law, Plaintiff is entitled to recover from Defendants all unpaid overtime compensation, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment against Defendants, jointly and severally, in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of her unpaid overtime wages, as well as liquidated damages as provided under the FLSA;

C. Award pre-judgment and/or post-judgment interest at the statutory rate; and,

D. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

August 6, 2021                                              Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone:   (330) 230-2955
Facsimile:    (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:    (330) 754-1430
Email: hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Plaintiff*